**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2681
_____

UNITED STATES OF AMERICA

v.

ANTONIO RUTHERFORD,
                                        Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cr-00158-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on July 9, 2018
_____

Before: McKee, Vanaskie and Siler[1], Circuit Judges.

(Filed: September 12, 2018)
_____

OPINION[2]


McKEE, Circuit Judge.

        Section 5K2.1 of the U.S. Sentencing Guidelines advises sentencing courts to

_____

[1] Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.
[2] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

increase sentences for distribution of a controlled substance if death resulted.[3]  Antonio Rutherford appeals his sentence arguing that his distribution of heroin had to be the but-for and proximate cause of death of the victim for the enhancement to apply.

We have not decided whether §5K2.1 requires a finding of actual and proximate cause or, as the District Court seemed to believe, merely "some causal connection."[4] However, we need not decide that question today because the District Court found that both standards are met.

The District Court found that Rutherford sold heroin to the victim and that that heroin actually killed the victim.  That establishes actual causation.  The court also found that it was reasonably foreseeable that the victim could die from using the heroin he purchased from Rutherford.  That is hardly a remarkable proposition, and it establishes proximate causation.  Both conclusions are supported by the record.

Finally, given the totality of the circumstances here, the sentence was clearly reasonable.

For these reasons, we will affirm the judgment of the District Court.

---

[3] U.S.S.G. § 5K2.1

[4] Compare *United States v. Montgomery*, 550 F.3d 1229, 1235-1236 (10th Cir. 2008)("The touchstone of the inquiry is whether [the death] was reasonably foreseeable…"); *United States v. Johnson*, 151 F. Supp. 3d 1226, 1233 (D.N.M. 2015)("The Court concludes that § 5K2.1 contains a reasonably foreseeable requirement…") with *United States v. Diaz*, 285 F.3d 92, 101 (1st Cir. 2002) ("We see no basis for foreclosing departure under § 5K2.1 when a defendant puts into motion a chain of events that risks serious injury or death, even when an intent to harm is entirely absent and the defendant was not directly responsible for the death.").